IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Suzanne Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 7-815 |
| | ) | |
| John E. Potter, Postmaster | ) | |
| General, United States Postal | ) | |
| Service, | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

# OPINION
## and
## ORDER OF COURT

Plaintiff Suzanne Phillips ("Phillips") works as a mail clerk at the General Mail Facility ("GMF") for Defendant United States Postal Service ("the Postal Service"). More than ten years ago, Phillips filed suit in federal court against the Postal Service, contending that she had been subject to sexual harassment and retaliation based apparently upon the actions of her then supervisor Tom Arneson ("Arneson"). Phillips and the Postal Service settled that suit in late December 1999. Following settlement, Arneson transferred to other managerial duties.

Phillips contends that despite a nonretaliation clause present in the prior Settlement, Arneson and others at the Postal Service have engaged in a campaign of harassment directed at her in retaliation for her having engaged in protected activity. Accordingly she commenced this litigation against the Postal Service for violations of Title VII and breach of contract.

1

The Postal Service has filed a Motion for Summary Judgment challenging, the sufficiency of Phillips' claims. See Docket No. [30]. Phillips opposes the Motion and has filed a Motion for Sanctions. See Docket No. [40]. The Motion for Sanctions is based upon the spoilation of evidence.

After careful consideration and for the reasons set forth below, both Motions are denied.

## MOTION FOR SUMMARY JUDGMENT

Though the Complaint itself is rather vague as to the precise nature of the claim(s) asserted under Title VII,[1] having reviewed the Complaint, the claim filed with the EEOC, the EEOC's Final Agency Decision and excerpts from Phillips' deposition, I believe that Phillips' claim is that the Postal Service engaged in retaliation and that retaliation manifested itself in the creation of a hostile work environment. See Phillips' EEOC Claim, ¶ 34 (stating in Count 1 that Phillips experienced a hostile work environment "because she had complained about discrimination and retaliation"); ¶ 49 (stating in Count 2 that "[t]he retaliatory treatment caused Ms. Phillips to experience a hostile, offensive and intimidating work environment... ."); EEOC Final Agency decision (characterizing Phillips' claim as one of retaliation); and Phillips' Depo., p. 58 (Q: "The general basis of this Complaint is an action of retaliation is that true?" A: "Well, I believe I am suffering an abusive, intimidating, bullying type of situation that I consider to be retaliation."). Indeed, the Postal Service construed

---

[1] The Complaint references both discrimination based on sex and retaliation.

Phillips' claim to be one of "retaliatory harassment" and Phillips offered no objection.

The Postal Service challenges Phillips' ability to establish a *prima facie* case of retaliatory harassment. It also challenges the scope of the retaliatory harassment claim. Finally, the Postal Service urges that, because the retaliation claim is fatally flawed, the breach of contract claim is similarly flawed. I reject each argument.

Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477

U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

I. Retaliatory Harassment

The Third Circuit first recognized the claim of retaliatory harassment in Jensen v. Potter, 435 F.3d 444 (3d Cir. 2006), abrogated in part by, Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405 (2006), and further developed its contours in Moore v. City of Philadelphia, 461 F.3d 331 (3d Cir. 2006) and Hare v. Potter, 220 Fed. Appx. 120 (3d Cir. 2007). Because the claim is, at its roots, one of retaliation, to establish a *prima facie* case Phillips must show that:

(1) she engaged in conduct protected by Title VII;

(2) after or contemporaneous with engaging in that conduct, her employer took a "materially adverse" action against her; and

(3) there was a causal connection between her participation in the protected activity and the adverse employment action.

See Hare v. Potter, 220 Fed. Appx. 120, 127 (3d Cir. 2007); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405, 2425 (2006); and Moore v. City of Philadelphia,

4

461 F.3d 331, 340-41 (3d Cir. 2006). As stated above, the Postal Service challenges Phillips' ability to establish a *prima facie* case of retaliation. More specifically, the Postal Service attacks the sufficiency of the evidence regarding the "causal connection" between the protected activity and the alleged retaliation and the "severity" or "pervasiveness" of the alleged harassment.[2]

A. Causal Connection

As to the "causal connection," the Postal Service urges that the timing between Phillips' return to work in 1998 and what it identifies as the first complaints of retaliatory harassment in 2006 are too attenuated to be unduly suggestive. See Docket No. [31], p. 6-8. While this argument may be somewhat persuasive, I do not find it dispositive of the issue of causal connection. First, the argument ignores the fact that Phillips complained of harassment prior to 2006. Second, Phillips need not rely solely on temporal proximity to establish causal connection. See Kachmar v. SunGuard Data Systems, Inc., 109 F.3d 173, 178 (3d Cir. 1997) (stating, "[i]t is important to emphasize that it is causation, not temporal proximity [or evidence of antagonism] that is an element of plaintiff's *prima facie*

---

[2] As I noted above, the Postal Service also challenges the scope of Phillips' Title VII claim. Specifically, it contends that the claim before the EEOC was limited to events beginning in January of 2006. Consequently, the Postal Service insists, Phillips' reference in her Complaint to incidents of retaliatory harassment which predate January of 2006 are not before this Court because she failed to exhaust her administrative remedies with respect to any such incidents. I disagree. First, the acts were in fact referenced in Phillips' informal EEOC Complaint. Second, a claim of retaliatory hostile work environment is a single cause of action comprised of a series of separate acts all of which must be considered together and not in an "individualized, incident-by-incident approach." West v. Philadelphia Electric Co., 45 F.3d 744, 756 (3d Cir. 1995).

5

case and temporal proximity [or antagonism] merely provides an evidentiary basis from which an inference can be drawn."). Indeed, "[t]he ultimate question in any retaliation case is an intent to retaliate *vel non*." Jensen v. Potter, 435 F.3d 444, 449 n. 2 (3d Cir. 2006).

Here, though certain of Phillips' managers denied being aware of Phillips' prior EEOC Complaint or lawsuit, several of Phillips' co-workers testified that such information was common knowledge on the work floor. See Eiseman Dep., p. 46:8-24; Mawhinney Dep., p. 10:22-11:13 and Honick Dep., p. 7:16-18. Accordingly, reasonable jurors could infer that although some of Phillips' managers might not have been involved in her prior lawsuit, they did know about it from the general workplace knowledge. Additionally, Phillips' co-workers testified that they have heard managers, including Arneson, state that they will "get back at people" and that employees who file grievances and complaints will not get leave. See Eiseman Dep., p. 53:5-18; Johnson Dep., p. 94:22-95:17. Indeed, one co-worker explained that she has known the Postal Service managers to rely on other managers to retaliate against co-workers. See Johnson Dep., p. 46:13-47:5, 120:20-121:15; 147:6-23. Another co-worker stated that management, particularly Arneson, will retaliate against a group of people to get back at one individual. See Mawhinney Dep., p. 80:8-25.

With respect to Phillips specifically, the record contains evidence that there was no legitimate reason for Phillips' Christmas leave to be denied. See Johnson Dep., p. 67:22-68:11. The record also contains evidence that Phillips was unfairly subjected to an Investigative Interview. Id, p. 39:8-24; 33:11-17. Similarly, the record

6

also contains evidence that Phillips' seniority was violated more than anyone else's. See Honick Dep., p. 60:24-61:14. Moreover, Phillips' co-workers testified that Arneson's continued presence near Phillips' workstation felt "intimidating" and "hostile." See Honick Dep., p. 12:10-20 and Mawhinney Dep., p. 12:21-14-6.

Based upon these statements, a reasonable jury could find a causal connection exists in this case. As stated above, one could reasonably infer that Phillips' managers knew of her prior protected activity. One could also accept that managers disliked those who engaged in protected activity and took steps to punish them for the same. Finally, there is evidence in the record that Phillips was subjected to unusual and unwarranted treatment. Viewing the totality of the evidence in a light most favorable to Phillips, I am unwilling to rule as a matter of law that a jury could not find a causal connection exists.

B. "Severe" or "Pervasive"

The Postal Service also challenges Phillips' ability to demonstrate that the harassment to which she was subject was "severe" or "pervasive." The Postal Service urges the court to look at the "totality of the factors ... including 'the frequency of the discriminating conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" See Docket No. [31], p. 11, quoting, Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). I disagree with the Postal Service's analytic approach. It seeks to force Phillips to satisfy the elements of a hostile work environment claim. Yet here Phillips is pursuing a retaliation claim and need not

7

demonstrate "severe" or "pervasive" harassment. She need only demonstrate that the harassment was such that it would "have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 52, 68 (2006); see also Moore v. City of Philadelphia, 461 F.3d 331, 341-42 (3d Cir. 2006) (rejecting the Jensen court's use of a "severe" or "pervasive" test in light of the Burlington Northern decision) and Hare v. Potter, 220 Fed. Appx. 120, 131-32, 2007 WL 841031 (3d Cir. 2007) (observing that "[i]n Jensen, this Court found that retaliation claims predicated upon a hostile work environment are cognizable under 42 U.S.C. § 2000e-3(a) in the presence of "severe and pervasive" retaliatory harassment... . In light of Burlington Northern, however, we have since explained that such claims may go forward upon a showing by the plaintiff that 'a reasonable employee would have found the alleged retaliatory actions 'materially adverse.'" (citations omitted)). As the Third Circuit court has recognized, the "materially adverse" standard is less demanding than that of "severe" or "pervasive." Hare, 220 Fed. Appx. at 132.

Thus, the Postal Service's argument is predicated upon a standard which, although adopted by the Third Circuit court in Jensen, has been replaced by one less demanding. I decline to *sua sponte* engage in a review of the evidence under the less demanding standard. Accordingly, the Motion is denied.

2. Breach of Contract

The Postal Service drops a footnote with respect to Phillips' breach of contract claim. See Docket No. [31], p. 20 n. 5. While the Postal Service makes a

passing reference to a jurisdictional issue, it fails to provide any meaningful analysis or discussion of the same, so I decline to address it. Essentially, the Postal Service urges that, because "it is clear that Defendant has committed no behavior in violation of any provision of the previous settlement agreement, … the Court need not reach the merits of this breach of contract issue." For the reasons set forth above, a reasonable jury could find that the Postal Service retaliated against Phillips. Accordingly, a reasonable jury may find that the Postal Service breached its prior settlement agreement. The Motion is denied.

Motion for Sanctions

The Motion for Sanctions is based upon the Postal Service's failure to preserve electronically stored information as well as its shredding of documents. Phillips asks this Court to sanction the Postal Service by either a grant of partial summary judgment, an allowance of an adverse inference, and/or compensation for expenses incurred from the spoliation. Spoliation occurs when there is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Mosaid Technologies Inc. v. Samsung Electronics Co., 348 F. Supp.2d 332, 335 (D. N.J. 2004)(citing, Zublake v. UBS Warburg LLC, 229 F. R. D. 422,430 (S.D. N.Y. 2004)). Courts may impose sanctions against a party when that party is "under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Scott v. IBM Corp., 196 F. R. D. 223, 249 (D. N.J. 2000). "Sanctions are appropriate when there is evidence that a party's spoliation of

evidence threatens the integrity of this Court." Mosaid, 348 F. Supp.2d at 335.

In determining whether to grant a spoliation sanction, a court is to consider:

> (1) The degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

Id. (citing, Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)). For the lesser sanction of an adverse inference, four elements that must be met are: (1) the evidence was within the party's control; (2) it must appear that there has been actual suppression or withholding of evidence; (3) the evidence destroyed was relevant to the claims or defenses; and (4) it was reasonably foreseeable that the evidence would be discoverable in litigation. Id., 348 F.Supp.2d at 336 (internal citations omitted.)

With respect to the electronically stored information, the evidence of record indicates that on August 4, 2006, Phillips filed an informal complaint with the EEO against the USPS. (Docket No. 42, Ex. 1) (hereinafter as "Pl's Ex. __"). On September 14, 2006 a formal complaint was sent by Phillips' counsel to the Postal Service, receipt of which was acknowledged on November 20, 2006. Pl's Ex. 3 and 5. This lawsuit was filed on June 14, 2007. See Docket No. [1]. Phillips issued her first request for documents and electronically stored information on February 7, 2008. See Pl's Ex. 19.

Prior to May of 2007, all emails on the Postal Service system were destroyed

at the main server level every thirty days. Since May of 2007, email on the servers is stored and retained for 18 months and then destroyed unless requested to be retained. Pl's Ex. 8. The first time a litigation hold for retention of documents was made by Postal Service was on February 29, 2008.

The Postal Service does not deny that a litigation hold was not put into place after litigation became foreseeable and furthermore, that emails prior to May of 2007 were destroyed as a result of the automatic deletion system. In spite of this, it argues that sanctions are not appropriate in this case because the emails destroyed were not relevant to Phillips' case and thus she suffered no prejudice. Phillips counters that evidence indicates that had a hold been put in place, she would have had access to an email indicating that a co-worker had informed another manager of Arneson's harassment of Phillips. Michael DelGrosso, a co-worker, did submit a declaration in which he stated that he told manager Clara Maggio about Arneson's harassment of Phillips and requested Maggio to ask Arneson to stop. Pl.'s Ex. 27. Maggio then typed up an email and showed it to DelGrosso. *Id*. However, Maggio does not remember this incident and there was no email ever found that was sent to Arneson. Pl's Ex. 39. Further DelGrosso acknowledged that he could not confirm that the email was ever sent to Arneson after Maggio showed him the what she had typed. Pl.'s Ex. 27.

Although The Postal Service did not timely issue a litigation hold, there is no evidence that relevant documents were destroyed. Based on this evidence, I would have to speculate whether or not such an email was ever sent and deleted by the

automatic deletion system before May 2007. However, sanctions against the Postal Service must be based on more than mere speculation. Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1994)(stating, "a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent power."). Additionally, there is no indication of any bad or malicious intent on the part of the Postal Service. Negligent conduct alone does not allow for the inference that the missing emails or the shredded document was relevant. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995). Without any basis to find that Phillips was harmed by lack of a litigation hold, the request for sanctions must be denied.

With respect to the shredding of documents, the record indicates that in early 2008, Arneson authorized the shredding of old documents, although he never personally reviewed the documents. Pl's SOF at ¶52. Elaine Herzer actually conducted the shredding. *Id*. While shredding the documents, Herzer came across a stapled document with Phillips' name on it. Herzer testified that the document appeared to be some kind of transcript, possibly a deposition transcript from Phillips' prior lawsuit, although she was unsure. Herzer takes medication for Bipolar disorder which causes memory problems and at the time of her deposition she stated that she did not remember meeting with the assistant U.S. attorney two days prior to the deposition. Arneson stated in his deposition that he was interviewed by the Postal Service's manager of human relations concerning the shredding of the documents. Arneson Depo. at 128:15-129:2. Phillips denies that the Postal Service

ever produced any documents concerning this interview. The Postal Service counters that all relevant and requested documents were produced concerning the shredding issue. Pl's SOF at ¶55; Docket No. 39 at ¶55.

Having reviewed the record and the parties' arguments, I find that there is no evidence that the destroyed documents were relevant. Herzer's testimony indicates that the document may have been a deposition transcript, but she admits that she has difficulty with her memory due to medication she takes for Bipolar disorder. Furthermore, there is not any indication in the record that the shredding of the papers that included a document with Phillips' name on it was conducted with the intent to destroy relevant evidence. Indeed, it would require speculation to assume that the document was related to Phillips' current case and was destroyed with the intent to suppress evidence from her. Sanctions cannot be based on mere speculation. Accordingly, sanctions are inappropriate.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Suzanne Phillips, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 7-815 |
| | ) | |
| John E. Potter, Postmaster | ) | |
| General, United States Postal | ) | |
| Service, | ) | |
|     Defendant. | ) | |

AMBROSE, Chief District Judge

### ORDER OF COURT

AND NOW, this 14th day of May, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (Docket No. [30]) is denied and the Plaintiff's Motion for Sanctions (Docket No. [40]) is denied.

The parties are ordered to appear for a Status Conference on May 21, 2009 at 10:30 a.m.

                                            BY THE COURT:

                                            /s/Donetta W. Ambrose
                                              Donetta W. Ambrose,
                                              Chief U.S. District Judge