IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Suzanne Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 7-815 |
| | ) | |
| John E. Potter, Postmaster | ) | |
| General, United States Postal | ) | |
| Service, | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

Defendant John E. Potter, Postmaster General of the United States Postal Service ("the Postal Service") has filed a Motion to Dismiss Plaintiff Suzanne Phillips's ("Phillips") breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(1). See Docket No. [55]. The breach of contract claim arises from the Postal Service's alleged retaliation against Phillips for her having exercised her legal right to oppose discrimination and to participate in activities designed to end the discrimination, in violation of a prior settlement agreement. Essentially, Phillips contends that the act of retaliation breaches the contractual agreement not to retaliate. Phillips asserts her breach of contract claim in conjunction with an actual claim of retaliation claim arising under Title VII. The retaliation claim has survived a summary judgment challenge.

The Postal Service urges that this Court has no independent basis of jurisdiction over the breach of contract claim. Phillips concedes that:

1

> when there is no other basis for federal court jurisdiction, an action to enforce a settlement agreement must be brought in state court as a breach of contract action. The three ways a breach of contract claim based on a settlement agreement can be brought in federal court are: (1) an independent basis of jurisdiction; (2) the embodiment of the settlement in the dismissal order, and, (3) express retention of jurisdiction to enforce the terms of the settlement.

See Docket No. [58], p. 3, quoting Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 381-2 (1994). Here, Phillips contends that an independent basis of jurisdiction exists via the supplemental jurisdiction statute set forth at 28 U.S.C. § 1367.

After careful consideration, I agree with the United States that § 1367 does not provide the basis for jurisdiction which Phillips seeks. "The United States may not be sued without its consent and ... the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961 (1983). Section 1367 confers general jurisdiction, but it does not waive the Government's sovereign immunity for breach of contract claims. See Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 n. 3 (9th Cir. 2007); United States v. Park Place Assoc., 563 F.3d 907, 934 (9th Cir. 2009) (stating that section "1367 ... does not constitute a waiver of the United States' sovereign immunity"); United States v. Certain Land Situated in Detroit, 361 F.3d 305, 307 (6th Cir. 2004) (same); Wilkerson v. United States, 67 F.3d 112, 119 n. 13 (5th Cir. 1995) (stating that "section 1367 however, deals only with the federal courts' power to exercise subject matter jurisdiction over certain claims and does not operate as a waiver of the United States sovereign immunity. Sovereign immunity and subject matter jurisdiction are distinct doctrines."). See also Wright v. Foreign

2

Service Grievance Board, 503 F. Supp.2d 163, 177-178 (D. D.C. 2007), aff'd, 2008 WL 4068606 (D.C. Cir. 2008) (stating, "[i]n order to establish this Court's jurisdiction over a dispute involving a settlement agreement to which the government is a party, a plaintiff must show that (1) the Court 'has subject matter jurisdiction over the issues raised by the dispute'; (2) 'that the United States has waived [sovereign] immunity for suits of that kind'; and (3) 'that the United States has consented to be sued in that particular court.', Keith v. U.S. R.R. Retirement Bd., No. 02-CV-1054, 2006 WL 2085389 at * 4 (D.D. C. July 25, 2006)").

Phillips offers no other basis for the exercise of jurisdiction over the breach of contract claim. Accordingly, the claim must be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Suzanne Phillips, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. 7-815
 )
John E. Potter, Postmaster )
General, United States Postal )
Service, )
    Defendant. )

## ORDER OF COURT

AND NOW, this 13th day of July, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion to Dismiss (Docket No. [55]) is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
  Donetta W. Ambrose,
  Chief U.S. District Judge