IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Suzanne Phillips,                )
                                 )
    Plaintiff,                   )
                                 )
    vs.                          )    Civil Action No. 7-815
                                 )
John E. Potter, Postmaster       )
General, United States Postal    )
Service,                         )
    Defendant.                   )

AMBROSE, Chief District Judge

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion to Reconsider (Docket No. [61]) this Court's Order granting the Defendant's Motion to Dismiss (Docket No. [60]). To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. Max's Seafood Café by Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Plaintiff has not established a change in the controlling law, the availability of new evidence, a clear error of law or a clear error of fact. The Motion to Dismiss was predicated upon this Court's lack of subject matter jurisdiction. In

1

response to the Motion, and indeed in the Complaint, Plaintiff identified only the supplemental jurisdiction statute - 28 U.S.C. § 1367 - as the basis for this Court's exercise of jurisdiction over the breach of contract claim. See Docket No. [58], p. 2 and Complaint, ¶ 2. As correctly stated in this Court's previous Opinion and Order, 28 U.S.C. § 1367 does not support the exercise of jurisdiction over the breach of contract claim.

Rather, as she now acknowledges, Plaintiff identified for the *first time* in her Motion for Reconsideration and Brief in Support thereof, the jurisdictional basis for this Court's exercise over a breach of contract claim asserted against the United States Postal Service (and the corresponding requisite waiver of sovereign immunity) - the Postal Reorganization Act, 39 U.S.C. § 409(a) and 401(1). Plaintiff bears the burden to assert the appropriate jurisdictional grounds for each claim raised and the responsibility for the dismissal of the breach of contract claim lies with her.

Nevertheless, I reject the Postal Service's contention that it is too late to entertain an Amended Complaint. See Defendant's Response to Plaintiff's Motion to Reconsider, p. 3. The Postal Service moved for the dismissal of the claim long after discovery closed, after summary judgment motions had been decided and after a Pretrial Order had been issued. In light of these facts, the Postal Service will not suffer any prejudice if the Plaintiff is permitted to file an Amended Complaint in order to properly assert the basis of jurisdiction over the breach of contract claim.

AND NOW, this 16th day of July, 2009, the Motion for Reconsideration is DENIED. Plaintiff is, however, hereby given leave to file an Amended Complaint within 10 days of the date of this Order.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
  Donetta W. Ambrose,
  Chief U.S. District Judge