IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Suzanne Phillips, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>John E. Potter, Postmaster )<br>General, United States Postal )<br>Service, )<br>)<br>    Defendant. ) | Civil Action No. 7-815 |

AMBROSE, Chief District Judge

## OPINION AND ORDER

### SYNOPSIS

In this civil action, for which trial is imminent, Plaintiff claims that Defendant, in particular a manager named Arneson, retaliated against her in breach of a settlement agreement that resolved a prior discrimination dispute between the parties. In this case, therefore, Plaintiff must prove that she engaged in protected conduct, her employer took materially adverse action against her, and that there was a causal connection between her protected activity and the adverse action. Defendant has filed six Motions in Limine, dealing with a variety of evidence.

Preliminarily, I note that the burden of establishing the admissibility and relevance of evidence rests on the proponent. E.g., Yibulayin v. Yellow Freight Sys., No. 4-3690, 2005 U.S. Dist. LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005). Additionally, evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. Potenza v. City of New York, 04-CV-2434, 2009 U.S. Dist. LEXIS 60877 (E.D.N.Y. July 15, 2009).

**OPINION**

I. **Motion re: Claims Not Properly Exhausted and/or Relevant to the Case (#1)**

Defendant has filed a Motion seeking to exclude claims allegedly not properly exhausted and/or relevant to Plaintiff's case. (Docket No. 68). Specifically, Defendant seeks to exclude the following evidence: 1) "that the Postal Service fails to train its managers in Title VII compliance and generally fails to enforce non-discrimination policy," 2) "that the Postal Service fails to enforce a policy involving Zero Tolerance for Violence in the workplace," and 3) "that the Postal Service allegedly destroyed emails and other documents allegedly related to Plaintiff's case." (Docket No. 68, p. 1).

Initially, Defendant suggests that said evidence must be excluded because Plaintiff cannot now assert new claims that she failed to exhaust through the administrative process. (Docket No. 68, pp. 1-4). In response, Plaintiff states that she is not asserting new discrete claims, but rather is attempting to prove the claims already pled with said evidence. (Docket No. 81, p. 2). Accepting this statement by Plaintiff as true, I agree with Plaintiff that she need not exhaust administrative remedies with regard to said evidence. Therefore, Motion #1 is denied as to Defendant's exhaustion argument.

The next argument by Defendant is that because the evidence set forth above is irrelevant and highly prejudicial, it should be excluded. (Docket No. 69, pp. 4-5). Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action

2

more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. This type of inquiry under Rules 401 and 403 is fact-intensive, and context-specific. <u>Sprint v. Mendelsohn</u>, __ U.S. __, 128 S. Ct. 1140; 170 L. Ed. 2d 1 (2008).

With regard to the evidence that "that the Postal Service fails to train its managers in Title VII compliance and generally fails to enforce non-discrimination policy," Defendant takes issue with Plaintiff's reference to the "Doc" incident. I find that the failure to train is not a cause of action in this case and the evidence in the form of the "Doc" incident does not tend to show retaliation, a hostile work environment, or Plaintiff's breach of contract claim. As a result, the "Doc" incident will be excluded.

With regard to the allegation "that the Postal Service fails to enforce a policy involving Zero Tolerance for Violence in the workplace," Defendant argues that Plaintiff's references to "the Carol Eiseman incident and the Lisa Johnson incident" are not relevant. (Docket No. 69, p. 4-5). Said incidents are relevant to show harassment and/or a hostile work environment claims. Therefore, I find the Carol Eiseman and Lisa Johnson incidents will be admissible.

.   With regard to the evidence "that the Postal Service allegedly destroyed emails and other documents allegedly related to Plaintiff's case," Defendant argues that this evidence was subject the subject of Plaintiff's previously filed Motion for Sanctions. (Docket No. 69, p. 5). In denying Plaintiff's Motion for Sanction, I found that "there is no evidence that the destroyed documents were relevant." (Docket No. 52, p. 13). Having made this finding previously, the introduction of the alleged

3

destruction would serve no relevant purpose at trial. Therefore, Defendant's Motion with regard to the alleged destruction of emails and other documents is granted. As such, said evidence shall be excluded at time of trial.

II.     **Motion re: Evidence of EEO Complaints Filed Against USPS Managers (#2) and**
**Motion re: "Me Too" Evidence of Other Employees' Allegations (#4)**

Defendant has filed two Motions relating to evidence about the management's treatment of Plaintiff's co-workers. Defendant's second Motion <u>in limine</u> seeks to exclude evidence of other EEO Complaints filed against its Managers, including Arneson, on the basis that it is improper character evidence that is not probative of the issues in this case. Similarly, Defendant's fourth Motion <u>in limine</u> seeks to exclude evidence of co-workers' other allegations against managerial staff. The latter specifically addresses evidence of alleged violations of union seniority rights, disapproval of leave and scheduling changes, threats to withdraw EEO complaints, and failures of management to take disciplinary action. Defendant argues that the evidence is irrelevant, and that its probative value is outweighed by the danger of unfair prejudice and confusion of the issues.

Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith.[1] To admit evidence under Rule 404(b), the evidence must have a proper purpose, be relevant, and its probative value must outweigh its potential for unfair prejudice. <u>U.S. v. Rahamin</u>, 168 Fed.Appx. 512, 519 (3d Cir. 2006). The threshold issue

---

[1] Defendant has submitted evidence that the complainant did not prevail in any of the complaints at issue. This goes to the weight, rather than the admissibility, of the evidence.

under Rule 404(b) is "'whether th[e] evidence is probative of a material issue other than character." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996).  Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  This type of inquiry under Rules 401 and 403 is fact-intensive, and context-specific.[2]  Sprint v. Mendelsohn, __ U.S. __, 128 S. Ct. 1140; 170 L. Ed. 2d 1 (2008).

In particular, Defendant points to evidence relating to co-workers Eiseman and Johnson.  Plaintiff proffers that the evidence at issue is relevant to the "atmosphere of condoned retaliation." An atmosphere of condoned illegal behavior does increase the likelihood that such behavior might occur.  Cf. Quinn v. Consol. Freightways Corp., 283 F.3d 572, 578 (3d Cir. 2002).  Nonetheless, the Court must also take careful note of the prohibitions put in place by Fed. R. Civ. P. 404(b).

In that regard, evidence tending to show an atmosphere of condoned retaliation is relevant to this case. For example, Plaintiff intends to proffer evidence that Arneson threatened her co-worker Eiseman with disciplinary action if Eiseman did not withdraw an EEO complaint that she was pushed to the floor by two African-American workers.  This incident bears on the asserted purpose of the evidence – i.e., to prove that retaliatory conduct was condoned in the workplace and in this regard, Defendan's Motion is denied.

Plaintiff, however, has failed to establish the admissibility of Eiseman's EEO

---

[2]Sprint spoke specifically to the issue of the admissibility of co-worker testimony about conduct by other supervisors.

5

complaint against manager Coles, in which Eiseman complained that Coles regularly stared at her in an intimidating and harassing fashion; and an EEO complaint that appears to involve Arneson impermissibly sharing his responses to the EEO investigator's questions, or failed to answer all the questions asked him. I fail to see a connection between Eiseman's complaint, or Arneson's conduct, and an atmosphere that condones retaliation.

### III.   Motion re: Certain Improper Lay Opinion Testimony (#3)

Defendant moves to exclude what it terms "lay opinion testimony." In particular, he refers to testimony that there is an atmosphere of retaliation and hostile work environment at the Postal Service, and a discriminatory double standard; that Arneson's visits to a certain department were frequent, unusual, inappropriate, and motivated by discrimination; that Arneson treated young, pretty girls more favorably; and that Arneson watches over his friends and grants them privileges.

While opinion testimony is not automatically problematic because it reaches the ultimate issue, that testimony must be "otherwise admissible." Fed. R. Evid. 701(b). To be admissible, lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Id. "[S]eldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'" Hirst v. Inverness Hotel Corp., 544 F.3d 221 (3d Cir. 2008). Additionally, evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Of course, barring an independent reason to exclude the evidence, witnesses may testify as to facts and events of which they have firsthand knowledge. They may also characterize those facts, for example, as frequent, or unusual; I am aware of no evidentiary bar to a witness' use of adjectives. I agree with Defendant, however, that witnesses should be precluded from stating conclusions or opinions about ultimate issues in this case – i.e., those regarding the existence of retaliatory conduct or animus – which would be unhelpful to the jury, and also its probative value is outweighed by the danger of unfair prejudice and misleading the jury. The remainder of the evidence that Defendant seeks to exclude, however, does not speak to the ultimate issues to be tried in this case. Although the testimony cited might be inadmissible on other grounds, which Defendant may raise at the time of trial, I will not exclude it as improper lay opinion testimony or under Rule 403.

**IV.    Motion re: Plaintiff's Journal Entries (#5)**

Next, I address Defendant's Motion to exclude Plaintiff's journal entries, as hearsay. Plaintiff does not contest that the journal is hearsay, but urges that it is admissible under 803(3) , 804(4), or 803(6).

Rule 803(3) excludes from the hearsay rule a statement of then existing state of mind, emotion, sensation, or physical condition. It is certainly possible that portions of Plaintiff's journal, as Plaintiff asserts in general terms, are subject to this exception. Plaintiff may proffer portions of the journal that constitute statements

7

of her then-existing state of mind, emotion, sensation, or physical condition, if otherwise relevant and admissible under all other standards. Because Plaintiff has not identified particular portions of the journal that it might wish to offer into evidence on this basis, I am unable to thoroughly evaluate any such proffer at this time.

803(6) excludes from the hearsay rule a record "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make" the record. Plaintiff has not proffered evidence sufficient for me to conclude that it was a regular practice of the Postal Service for Plaintiff to maintain such a journal, and the circumstances render this unlikely. I will not admit the evidence on that basis. Similarly, 803(4) permits statements for purposes of diagnosis or treatment "and describing medical history,…symptoms, pain, or sensations…insofar as reasonably pertinent to diagnosis or treatment." Plaintiff may, but has not thus far, borne her burden of demonstrating admissibility under this exception. I will not, at this time, admit the evidence on that basis.

In order to avoid wrangling, at trial, with a five-hundred page document that the parties agree contains inadmissible hearsay, we will cull admissible portions as soon as possible. Plaintiff shall submit to Defendant and the Court specific excerpts from the journal that it contends are admissible under an exception to the hearsay rule, and which it intends to offer at trial, and shall specifically identify the particular evidentiary exception pursuant to which Plaintiff intends to submit each such portion. In so doing, Plaintiff shall make clear which excerpt is purported to fall

under which hearsay exception.  Plaintiff shall do so on or before August 24, 2009. If the parties are thereafter unable to agree to the admission of any particular portion, then Defendant may file written in limine objections with the Court. Defendant shall file all such objections on or before August 31, 2009.

## V.     Motion re:  Evidence Regarding a Previous Settlement Agreement Entered into by the Parties (#6)

Finally, I address Defendant's Motion to exclude the 1999 settlement agreement that forms the basis for Plaintiff's breach of contract claim, pursuant to Federal Rule of Evidence 408.  That Rule "does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 770 (10th Cir. 1997).  Instead, "where cases are related, the better view is that Rule 408 may exclude settlement proposals in one from admission into evidence in another."  Herman v. City of Allentown, 1998 U.S. Dist. LEXIS 211 (E.D. Pa. Jan. 15, 1998) (emphasis added).

Defendant, however, relies more heavily on Rule 403, arguing unfair prejudice and potential for misleading the jury.  Plaintiff, in turn, correctly states that the terms of the agreement are the foundation for her contract claim; she proposes, therefore, to redact only the portion of the agreement showing amounts paid.  The overall subject matter and most provisions of the settlement agreement, as well as the underlying prior litigation between the parties, have little bearing on the alleged retaliation at issue here.  The existence of the agreement allegedly breached, however, is of course paramount.

Thus, I must strike a balance between the policy to encourage out-of-court

settlement of disputes, and the practical necessity that settlement agreements be enforceable by the courts.  At a minimum, the anti-retaliation provision of the agreement that Plaintiff contends was breached, and any other specific portion of the contract claimed to be breached, shall be admissible.  If Defendant is willing to stipulate to the existence of a valid agreement between the parties, for example, then no more is required to prove the Plaintiff's claim.  I agree that the probative value of the entirety of the settlement agreement is outweighed by the danger of unfair prejudice, misleading the jury, and confusion of the issues.  There is no compelling reason to introduce the jury to the legalese and other irrelevant principles surrounding the settlement. Accordingly, Paragraph 8 of the agreement is admissible as evidence.[3]  If Plaintiff or Defendant wishes to proffer any other particular portion of the agreement for any other purpose consistent with this Opinion, that party may make the proffer at trial.

## CONCLUSION

For the foregoing reasons, the Defendant's Motions in Limine are granted in part and denied in part.  The parties are encouraged to consider my rulings herein when proffering evidence, or when attempting to resolve an evidentiary dispute prior to or during trial.

---

[3]The jury will receive appropriate instructions to the effect that the provision allegedly breached was part of an agreement between Plaintiff and Defendant, which resolved a prior dispute between the parties.  Moreover, the extent to which the parties may refer to other facts surrounding the settlement is not now before me, but I anticipate that a skeleton of facts will be sufficient to serve the interests of both Plaintiff and Defendant.  Additionally, I do not address here any portion of the settlement agreement that Defendant might seek to submit.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Suzanne Phillips, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 7-815 |
| ) | |
| John E. Potter, Postmaster ) | |
| General, United States Postal ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge

## ORDER

AND NOW, this 19th day of August, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions (Docket Nos. 68, 70, 72, 74, 76, and 77) are DENIED in part and GRANTED in part, as more fully discussed in the above Opinion:

A. Evidence of the "Doc" incident is excluded;

B. Evidence of the Carol Eiseman and Lisa Johnson incidents is admissible;

C. Evidence of the destroyed documents is excluded;

D. Evidence of Arneson's threat to Eiseman is admissible, and Eiseman's EEO complaint against Coles, is excluded;

E. Evidence of the EEO complaint in which Arneson impermissibly shared his responses to questions, as identified in Plaintiff's opposition to Motions in Limine, is excluded;

F. Lay opinion or conclusion testimony on the ultimate issue in this case of retaliatory conduct or animus is excluded;

G.  Plaintiff shall identify journal excerpts and correlating hearsay exceptions, and submit same to the Court and Defendant, on or before 8/24/09; Defendant shall file any written objections thereto on or before 8/31/09; and

H.  Plaintiff may place in evidence paragraph 8 of the parties' 1999 settlement agreement.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge