IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Suzanne Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 7-815 |
| | ) | |
| John E. Potter, Postmaster | ) | |
| General, United States Postal | ) | |
| Service, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, in which trial is imminent, Plaintiff identified her journal as evidence to be offered at trial.  Defendant filed a Motion in Limine, seeking to exclude the journal on several grounds.   At the direction of the Court, Plaintiff has proffered fifty-six pages of journal entries, and identified various grounds on which she contends that they are admissible.  Defendant's Motion remains pending.

In opposition to Plaintiff's proffer, Defendant argues, <u>inter alia</u>, that it would be best to defer several of these issues for trial, at which time Plaintiff may attempt to introduce specific portions of the journal.  In addition, Defendant argues that the entirety of the excerpts that Plaintiff has submitted should not be admitted wholesale.

The burden of establishing the admissibility and relevance of evidence rests on the proponent. <u>E.g.</u>, <u>Yibulayin v. Yellow Freight Sys.</u>, NO. 4-3690, 2005 U.S. Dist.

LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005).  For the following reasons, Plaintiff has failed to meet her burden as regards the entirety of the submission appended to her Notice of Journal Entries, and I will grant Defendant's Motion to that extent.  I will, however, permit Plaintiff the opportunity to proffer specific statements from the journal at the time of trial, within certain limitations.

OPINION

## I.  Defendant's Motion and Plaintiff's Proffer

### A.  Non-hearsay

I first address Plaintiff's contention that the journal entries are not, in the first instance, hearsay.  "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801.  Plaintiff contends that several of the entries are not hearsay, because they describe non-assertive conduct; are questions; are not offered for the truth of the matter asserted; constitute an order, instruction, or imperative; or are admissions of Defendant.

#### 1. Non-assertive Conduct

Plaintiff argues that all of the journal entries at issue are not hearsay, because they describe non-assertive conduct.  Only an out-of-court "statement" can be hearsay, and a "statement" is "an oral or written assertion" or "nonverbal conduct of a person, if it is intended by the person as an assertion."  F.R.E. 801(a).

> In the case of non-assertive acts, the actor by definition does not intend to make an assertion, meaning that the risk of insincerity is substantially diminished. The actor is at least not trying to lie. Moreover, non-assertive conduct is usually more reliable than the ordinary out-of-court statement, because by conduct the declarant has risked action on the correctness of his belief--he has put his money

where his mouth is.

<u>Lorraine v. Markel Am. Ins. Co.</u>,241 F.R.D. 534 (D. Md. 2007).

Under these principles, Plaintiff's argument is unpersuasive.  The hearsay rule is concerned with the assertive character of the out-of-court act sought to be admitted, and not what that out-of-court act describes.  For example, a witness may testify that she saw a man trip and fall down.  The hearsay rule would not bar evidence of the out-of-court act of tripping and falling, because the act is not assertive, and is not a "statement."  The rule would, however, bar the witness from testifying that she heard the man say, "I tripped over someone's foot."   This is an assertive out-of-court act – even though it describes non-assertive conduct.  In this case, the out-of-court statements at issue are Plaintiff's journal entries, which are, themselves, assertions and "statements" within the meaning of Rule 801.   This is true, despite the fact that they may describe non-assertive conduct.  That they do so, in other words, does not remove them from hearsay's scope.  I note, too, that the journal entries are replete with references to statements, including outright verbal declarations.   I will not admit the journal entries on grounds that they describe non-assertive conduct.

### 2.  Questions

Plaintiff argues that several entries are questions, rather than statements, and are not hearsay for that reason.  Commonly, questions are not offered for the truth of the matter asserted, but as circumstantial evidence of something else.    While I can only assume that this is the case at present, Plaintiff has not proffered what that "something else" might be.  Moreover, I cannot begin to speculate as to the

relevance, or other admissibility concerns, surrounding each such question present in the many pages submitted.  Indeed, the questions to which Plaintiff refers are embedded between chunks of factual information and other potential hearsay.[1]  Moreover, just because Plaintiff's out-of-court statement – the journal entry – reports that she or someone else asked an out-of-court question, the journal entry is not thereby transformed into non-hearsay.  I will not admit the journal entries on these grounds.

### 3.  Not offered for Truth of Matter Asserted[2]

Plaintiff designates several entries as not being offered for the truth of the matter asserted.  However, she does not designate the purposes for which they would be offered instead.  I cannot, therefore, admit any of the entries on these grounds.  Her submission suggests that the entries are offered to show "effect on Plaintiff," but the import of that argument is unclear.  In the seventy-three or so instances that Plaintiff has designated under this category, I am unable to determine how each independently demonstrates an effect on Plaintiff that is relevant to this action.  I am also unwilling to guess at what Plaintiff intends to prove

---

[1] For example, Plaintiff's March 4, 2007 entry, reads, in pertinent part:

George tells Mary Honick to go to manual flats....George says are you allowed to go to manual flats?  I said who is the boss over there?  George said I do not know.  George asked if there are any other conditions about going over to manual flats? I told George he is supposed to know about this issue. ... George says is there or not? George checks the supervisor schedule.  George says she is not in.  I said if there is a problem I will just go home.  George says if she is over there just come back to combo right away.  I asked why George could not just call? George said just go and come back if she is over there.

[2] Plaintiff points to no rule under which imperative statements are per se non-hearsay.  I assume that Plaintiff intends to argue that instructions or imperative statements are, typically, not offered to prove the truth of the matter asserted, and might escape hearsay rules for that reason. My discussion of this category applies, therefore, to entries that Plaintiff designates as "Order/Instruction/Imperative."

with each such entry.  I cannot, therefore, determine that the designated entries are non-hearsay on this basis.

### 4. Admissions of Party opponent

Plaintiff has identified nineteen instances in which she asserts that her journal entries represent admissions of a party opponent.[3]  Once again, Plaintiff's journal entries are the out-of-court statements at issue – not the underlying content that those entries report.  To the extent that the journal purports to record the statement of another person, it presents the problem of hearsay within hearsay, sometimes within hearsay again.  If a manager's out-of-court statement falls within an exception to the hearsay rule, Plaintiff might be able to testify as to that statement.  This does not, however, address the hearsay status of the primary out-of-court statements at issue – that is, the journal entries themselves.  I will not sua sponte unravel the layers of hearsay that Plaintiff now presents, and will not admit any portion of the journals as non-hearsay under Fed. R. Evid. 801(d)(2).[4]

### B. Hearsay Exceptions

Plaintiff also contends that if the journal entries are hearsay, they fall within exceptions to the hearsay rule.   In so doing, she relies on the "state of mind" exception found in Fed. R. Evid. 803(3), and the medical treatment exception found in Fed. R. Evid. 803(4).

### 1.  803(3)

---

[3]Fed. R. Evid. 801(d)(2)(D) provides, "[a] statement is not hearsay if ... the statement is offered against a party and is...a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

[4]This does not constitute a finding that the underlying statements by managers could not be admitted under Rule 801(d)(2)(d) through a vehicle other than Plaintiff's journal.

Section 803(3), the so-called "state of mind" exception, exempts from hearsay statements of then-existing mind or bodily condition.  Such statements, however, cannot be offered to prove the truth of the underlying facts asserted, remembered, or believed.  Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267 (3d Cir. Pa. 1995); Hussey v. Chase Manhattan Bank, No. 02-7099, 2005 U.S. Dist. LEXIS 15012 (E.D. Pa. July 27, 2005).

Three requirements must be satisfied for a statement to be admissible under the state of mind exception to the hearsay rule: the statement must be contemporaneous with the mental state sought to be shown; there must be no circumstances suggesting a motive for the declarant to misrepresent her thoughts; and the declarant's state of mind must be relevant to an issue in the case.  5-803 Weinstein's Federal Evidence § 803.05.   "Because this exception is limited to 'then existing' sensations and physical conditions, it does not apply to descriptions of past pain or symptoms, or to explanations of how an injury occurred."  Id.  Rule 803(3) specifically does not include "a statement of memory or belief to prove the fact remembered or believed."

Rule 803(3) is a "specialized application" of Rule 803(1), which excepts present sense impressions from the hearsay rule.  The Advisory Committee Note to Rule 803(1), in turn, explicitly requires a "substantial contemporaneity of event and statement [to negate] the likelihood of deliberate or conscious misrepresentation."  Consistent with this concept, a statement made four hours after the event to which it related has been held inadmissible as not sufficiently contemporaneous under Rule 803(3). United States v. Macey, 8 F.3d 462, 467-468 (7th Cir. 1993).

In this case, I cannot find the "state-of-mind" exception applicable to Plaintiff's journal entries.   In the first instance, Plaintiff has not proffered sufficient information to permit a finding that the statements were contemporaneous with the state of mind sought to be proved, such that the indicia of reliability underlying the exception exist.  To the contrary, when writing a journal entry after the fact, one typically has the opportunity to reflect and fabricate.   Plaintiff's reflections upon writing in her journal, as opposed to a contemporaneous recording of her then-existing condition, are not covered by this exception. See  Capilli v. Nicomatic L.P., 07-3897, 2008 U.S. Dist. LEXIS 77962, at *9 (E.D. Pa. Oct. 6, 2008).

### 2.  803(4)

Rule 803(4) excepts from the hearsay rule statements made for purposes of medical treatment and describing present symptoms, pain, or sensations, or the inception of the general character of the cause, or external source thereof.

> The idea behind the rule is that a person who believes that he is or may be ill or injured has a strong incentive to tell the professional from whom he seeks diagnosis or treatment the truth about his medical history, symptoms, etc. because if he doesn't it will be harder for the professional to diagnose his problem and treat it effectively.

Borger-Greco v. AMTRAK, 2005 U.S. Dist. LEXIS 10658, at **34-35 (E.D. Pa. June 1, 2005).

"[T]he critical factor to consider in assessing reliability is the declarant's motive to ensure proper diagnosis and treatment."  See Williams v. Gov't of Virgin Islands, 271 F. Supp. 2d 696, 704 (D.V.I. 2003).[5]

In this case, Plaintiff testified that the journal entries were made at the

direction of her therapist, as a "therapeutic exercise" to assist in her treatment. This is not the sort of statement contemplated by the medical treatment exception. The journal entries were not statements made by Plaintiff to her therapist in order to obtain a diagnosis or treatment, and the incentive for truthfulness underlying the exception is absent. Plaintiff has not sustained her burden of demonstrating admissibility under Rule 803(4).

### C. Rule 403

Evidence may be excluded if its probative value is substantially outweighed by the danger of, inter alia, unfair prejudice, confusion of the issues, undue delay, waste of time, or misleading the jury. Fed. R. Evid. 403. Unfair prejudice "means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Comm. Notes to Rule 403. The Rule 403 decision is left to the Court's discretion and is to be determined on a case-by-case basis. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1345 (3d Cir. 2002).

Here, I am unable to determine any significant relationship between this case and the majority of the details, persons, and varied unexplained abbreviations and shorthand designations that appear in Plaintiff's journal entries.[6] At a minimum, permitting the jury to peruse fifty-six pages of detailed journal entries, much of which appears loosely if at all relevant, would require substantial explanation,

---

[6]For example, Plaintiff's July 13, 2009 entry is fairly typical of the others, and reads as follows:

I REPORT TO COMBO 9 UNITS LATE. BECKY IS THE BOSS. I AM IN SEAT #7 BACK OF COMBO. AT 10:00 I CALL FOR A UNION STEWARD. I GET DAVE HE SAID HE WILL SEND SOMEONE. AT 11:40 STACEY SHOWS TO TAKE MY GRIEVANCE AND I SAID THANKS. AT 12:00 LISA JOHNSON IS TOLD BY BECKY TO GO TO L-14. LISA ENDS UP ON DBCS# 25. AT 2:30 BECKY ASKED ME TO GO 100'S MX STATES CASE. I SAID NO PROBLEM. AT 3:00 I RETURN TO SEAT #7. AT 3:40 BECKY ASK ME TO GO TO SCF CASES. I SAID NO PROBLEM. AFTER BREAK I RETURN TO SEAIW7 BACK OF COMBO. FULL SWEEP AT THE END.

resulting in waste of time and confusion.  Additionally, the journal as submitted presents the danger of an unfairly prejudicial and misleading appearance that there is weighty written evidence of wrongdoing.  These dangers outweigh the probative value of the journal entries.  The entirety of the appended excerpts at issue shall not be admitted at trial, and is excluded under Fed. R. Evid. 403.

### CONCLUSION

In sum, while I appreciate Plaintiff's efforts to comb through a voluminous document, those efforts did not go far enough for present purposes.  Defendant's Motion in Limine will be granted, to the extent stated in the foregoing Opinion. Although Plaintiff may attempt to proffer isolated portions of the journal at trial, I emphasize that this opportunity is a second chance, but not a second "bite at the apple."  After affording her two opportunities to identify grounds for admission of the entries, the interests of both justice and judicial economy will be served by limiting Plaintiff to evidence and grounds that she has already identified in this action.

Accordingly, at trial, Plaintiff may proffer only selections from the journal excerpts previously submitted in Exhibit 1 to Docket No. 88, and only on grounds that she has previously identified in Exhibit 2 to Docket No. 88.   When she does so, I strongly suggest that Plaintiff make a concerted effort to weed out irrelevant material, and be as particular as possible.

An appropriate Order follows.

### ORDER

AND NOW, this 9th day of October, 2009, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motion in Limine [Docket No. 76] is GRANTED, to the extent that it seeks to prevent the admission of the entirety of Plaintiff's journal, or the entirety of the excerpts appended to Docket No. 88. Plaintiff, however, may proffer specific portions of the journal at the time of trial, and attempt to lay a proper foundation at that time, as stated in the body of the Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court