IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUZANNE PHILLIPS,         )
                          )
    Plaintiff,             )
                          )
    -vs-                  )
                          ) Civil Action No. 07-0815
                          )
JOHN E. POTTER, Postmaster General, )
United States Postal Service,     )
                          )
                          )
    Defendant.             )

AMBROSE, District Judge.

# MEMORANDUM OPINION AND ORDER

Defendant John E. Potter, Postmaster General, United States Postal Service, makes this post-trial renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and/or motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment[1] rendered by me after a jury returned a verdict in favor of Plaintiff on her breach of

---

[1] If the court denies a motion for judgment as a matter of law made prior to the submission of the case to the jury under Federal Rule of Civil Procedure 50(a), the movant may file a "renewed motion for judgment as a matter of law" after the jury's verdict and entry of judgment by the Court. Fed. R. Civ. P. 50(b). A district court "may grant a renewed motion for judgment as a matter of law if 'there is no legally sufficient evidentiary basis for a reasonable jury to have found for' the prevailing party. Olefins Trading, Inc. v. Han Yang Chem. Corp., 9 F.3d 282, 288 (3d Cir. 1993). The 'legally sufficient evidentiary basis' has also been characterized as a 'minimum quantum of evidence,' Keith v. Truck Stops Corp., 909 F.2d 743, 745 (3d Cir.1990), or even as 'any rational basis for the verdict.' Bhaya v. Westinghouse Elec. Corp., 832 F.2d 258, 259 (3d Cir.1987)." PXRE Corp. v. Terra Nova Ins. Co. Ltd., 76 F. App'x 485, 489 (3d Cir. 2003). The evidence must be viewed in the light most favorable to the non-moving party. Id. (citing Mosley v. Wilson, 102 F.3d 85, 89 (3d Cir.1996)). "A proper Rule 59(e) motion. . .must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of

1

contract claim and against her on her Title VII retaliation claim. (Docket No. 116). Specifically, Defendant argues that the jury's verdict on Plaintiff's breach of contract claim is not supported by legally sufficient evidence. Plaintiff opposes Defendant's motion. After careful review of the submissions of the parties, Defendant's motion is denied.

First, Defendant suggests that there was insufficient evidence introduced at trial regarding the terms of the contract at issue – a "Release and Stipulation for Compromise Settlement" that the parties signed in December 1999 to settle Plaintiff's previous lawsuit against the Postal Service. See Def.'s Br. at 3-4. According to Defendant, the only evidence introduced concerning the specific terms of the contract consisted of the following narrowly stipulated facts:

> Plaintiff filed a previous employment discrimination action against the Postal Service. This case was resolved in December, 1999, by a settlement agreement between the parties. Among the provisions contained in the settlement agreement are the following:
>
> A. The parties agree that the settlement shall not constitute an admission of liability or an admission of a violation of any law, rule or regulation by the defendant, nor shall it constitute evidence of an admission by the defendant as to any issue of law or fact raised by this matter. . . .
>
> B. [D]efendant, the Postmaster General, agree[s] that neither he nor his employees will use against plaintiff Phillips any of her actions taken to protect her rights under federal law in terms of promotion, transfer, the grant of benefits or salary raises or any other term or condition of her employment with the defendant.

Tr. Trans. of 3/2/10 at 36-37. Defendant argues that although Plaintiff referred to Part B above as

---

new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). The motion may not be used to litigate old matters or to raise arguments which the movant could have raised prior to judgment. Kiewit Eastern Co. v. L & R Const. Co., 44 F.3d 1194, 1204 (3d Cir. 1995). The decision to amend a judgment rests in the sound discretion of the trial court. Id.

a "non-retaliation" provision, she did not introduce any other provisions of the contract, any evidence explaining the meaning of the above provisions, or any evidence of the circumstances surrounding the contract's formation. Def.'s Br. at 4-5. Defendant's argument is without merit.

As an initial matter, Defendant moved in limine to exclude introduction of the parties' settlement agreement on the grounds that it would cause unfair prejudice and had the potential to mislead the jury. I granted Defendant's motion, over Plaintiff's objections, and excluded the agreement from evidence, with the exception of the above-quoted clauses. See August 19, 2009 Order of Court (Docket No. 85) at 9-10. Accordingly, Defendant's attempt to attack the breach of contract verdict based on Plaintiff's failure to introduce evidence concerning other terms of the agreement or the circumstances surrounding its formation is disingenuous at best.

Whether or not Plaintiff failed to introduce additional evidence concerning the *meaning* of the contract provision at issue also is not fatal to the verdict. As Plaintiff correctly notes, the meaning of a clear and unequivocal written contract must be determined by its contents alone, without reference to extrinsic aids or evidence. See Steuart v. McChesney, 444 A.2d 659, 661 (Pa. 1982). Here, the meaning of the subject provision is plain: Defendant agreed not to "use against" Plaintiff any of her protected activity "in terms of promotion, transfer, the grant of benefits or salary raises or any other term or condition of her employment with defendant." Nothing in this provision requires that the contractually prohibited actions be "materially adverse" or otherwise rise to the level necessary to prove Title VII retaliation.[2]

---

[2] The fact that Defendant now wishes the agreement said otherwise does not excuse poor drafting or make the provision's meaning any less clear. Likewise, Plaintiff's current disappointment with the jury's verdict and consequent urging that contract and Title VII liability are coextensive do not change the fact that the contract language does not so provide.

Second, Defendant argues that, even if there was sufficient evidence regarding the settlement agreement itself, there was no legally sufficient evidence to support the jury's finding that Defendant breached that agreement. Here, Defendant contends that the contract language tracks Title VII and that because the jury did not find Title VII retaliation in this case, "there could *not* be any breach of the so-called 'non-retaliation' provision of the Settlement Agreement." Def.'s Br. at 5-6. Again, I disagree.

As set forth above, the contract language does *not* incorporate Title VII or track Title VII's anti-retaliation provision. Thus, the jury was entitled to find a breach of contract if it found that Defendant used Plaintiff's protected activity against her with respect to the terms or conditions of her employment even if Defendant's conduct did not rise to the level of a materially adverse action under Title VII. Indeed, when pressed about this issue at trial after a question indicated the jury was leaning towards such a finding, the government insisted that the finding was one the jury could make:

> THE COURT: If that's so, if it is retaliation, and these claims are coextensive then, you know, maybe the plaintiff is right. Maybe this is it. Maybe the breach of contract can only be retaliation.
>
> MR. KOVAC: No. But, they are finding – well, according – we are assuming that they are finding no retaliation according to that question because they said if we mark no on no retaliation, so then what they are doing is . . . finding some other breach in there somehow.
>
> THE COURT: Well, what could it be?
>
> MR. KOVAC: I don't know, but that is for the jury.
>
> THE COURT: There is no argument that attorney's fees weren't paid. There is no argument that the money wasn't paid.
>
> MR. KOVAC: That is for the jury to determine. Maybe they have determined

> that this Linda Smith was a condition of her employment and it was breached. And so that term is violated. Maybe that is one of the ways, and that is why, but that is a jury question. That's not for us to, you know, I don't think monkey around with the verdict slip on that issue.
>
> Let's keep the contract claim in there and the relate *[sic]* claim, and if there is any – if there is no retaliation, then they are instructed to order no remedy for the breach of contract because only the Judge can order those type of remedies. . . .
> . . . .
>
> MR. KOVAC: . . . . And remember under – the first question from the jury referenced terms and conditions of employment and Linda Smith.
>
> THE COURT: You agree that the claims are coextensive, which you initially agreed to.
>
> Do you still agree that the claims are coextensive?
>
> MR. KOVAC: I think they are separate claims that have been brought by separate counts in the complaint.

Tr. Trans. of 3/9/10 at 18-19; see also id. at 11-19; Def.'s Reply Br. at 2-3. Defendant also articulates at least one scenario under which the jury could have found breach of contract without finding Title VII retaliation. Specifically, Defendant states that the jury could have concluded, based on the evidence at trial, (1) that Defendant's agreement in Plaintiff's August 24, 1998 return to work letter that Plaintiff would not have to work within 100 feet of Linda Smith was a "term or condition" of Plaintiff's employment and, therefore, a part of the settlement agreement; and (2) that Defendant violated this term or condition of employment by not keeping Linda Smith and Plaintiff 100 feet apart. Def.'s Reply Br. at 2-3; Tr. Trans. of 3/9/10 at 20-21. Although Defendant now argues that there is no evidence to support a finding that the violation of the Linda Smith arrangement was retaliatory as opposed to benign, this argument is without merit. In addition to the fact that Defendant insisted prior to the verdict that the contract claim was for the jury to decide, the jury

5

certainly had sufficient grounds to conclude, based on the evidence, that Defendant was using Plaintiff's protected activity against her even if failing to keep Linda Smith 100 feet away (or any of the other harassing actions about which evidence was introduced at trial) did not rise to the level of a materially adverse action required under Title VII.

Third, Defendant argues that assuming there is evidence to support a breach of contract, there are no damages because compensatory damages are not available for breach of contract, Plaintiff sought only specific performance damages, and specific performance is not specifically prescribed as an available remedy under the Postal Reorganization Act ("PRA") under which Plaintiff brought the breach of contract claim. Def.'s Br. at 6-7. These arguments also fail. As set forth more fully in my separate Order denying Plaintiff's Motion for Entry of Final Judgment Awarding Contract Damages, even if compensatory damages were somehow recoverable on her breach of contract claim, Plaintiff is barred from seeking them in this case. Thus, Defendant's concern that my denying his motion will lead to a post-verdict award of compensatory damages to Plaintiff is unfounded. Plaintiff is, however, entitled to specific performance – the only contract remedy she pursued at trial.

Defendant's argument that specific performance is not a legally permitted remedy in this case is unavailing. Defendant suggests that there is no "unambiguous" or "unequivocally expressed" waiver of sovereign immunity within the PRA that permits the remedy of specific performance against the Postal Service in a breach of contract action. Def.'s Br. at 7-8. In "support" of this argument, however, Defendant states only that he could find no cases in which the court ordered specific performance against the Postal Service in a PRA breach of contract action and cites three non-PRA cases in which courts have allegedly determined that specific performance can never be ordered against the government in breach of contract actions. See id. Because Defendant's

6

argument is underdeveloped and without adequate legal support, his motion for judgment as a matter of law on this point is denied. Cf. Licata v. United States Postal Serv., 33 F.3d 259, 263 (3d Cir. 1994) ("[A] claim brought against the Postal Service in its own name is not a claim against the United States."); Beckman v. United States Postal Serv., 79 F. Supp. 2d 394, 406 n.15 (rejecting Postal Service's argument that principles of sovereign immunity barred a claim for equitable relief stating, *inter alia*, that "the federal courts' refusal to continue to recognize sovereign immunity for the USPS is consistent with Congress'[s] intent to give federal employees essentially the same rights and remedies as employees in the private sector." (internal quotations omitted)).

In short, although Title VII retaliation certainly would violate the contract, the converse is not necessarily true. As set forth above, based on the plain language of the settlement agreement and the evidence introduced at trial, the jury reasonably could have concluded that Defendant used Plaintiff's protected activity against her in violation of the agreement, but that the Postal Service's actions did not rise to the level of Title VII retaliation.

WHEREFORE, this 30th day of June, 2010, after careful consideration of the submissions of the parties and for the reasons set forth herein, it is ordered that Defendant's Renewed Motion for Judgment as a Matter of Law and/or Motion to Alter or Amend Judgment (Docket No. 116) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
District Judge